**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**DEVON ENERGY PRODUCTION**
**COMPANY, L.P., an Oklahoma limited partnership,**

      **Plaintiff,**

**v.**                                         **No. 2:26-cv-0664-KRS-JHR**

**CHI ENERGY, INC., a Texas corporation,**
**BCP LP, Texas limited partnership,**
**OCOTILLO OIL, LP, a Texas limited partnership,**
**STARNES PROPERTY INVESTMENTS, LLC,**
**a New Mexico limited liability company,**
**AVID ENERGY INVESTMENTS, LLC, a**
**Texas limited liability company;**

      **Defendants.**

## <u>ORDER TO AMEND COMPLAINT TO CURE JURISDICTIONAL DEFECTS</u>

This matter is before the court *sua sponte*. Plaintiff Devon Energy Production Company, L.P. filed this action in federal court on March 5, 2026, claiming diversity jurisdiction. [Doc. 1]. The operative Second Amended Complaint was filed on May 28, 2026. [Doc. 14]. "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the operative Complaint and the applicable law, the Court finds that the Second Amended Complaint fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

1

between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)). To establish diversity jurisdiction, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234).

The Second Amended Complaint states that "Defendant Starnes Property Investments, LLC is a New Mexico limited liability company whose principal place of business is 1305 E. Castleberry Rd., Artesia, New Mexico 88120." [Doc. 14, at 3]. Similarly, the Complaint alleges that "Defendant AVID Energy Investments, LLC is a Texas limited liability company whose principal place of business is located at 3304 W. Wadley Avel, United 9716 Midland, Texas 79707 (P.O. Box 9717, Midland, TX 79708)." *Id.*

Devon Energy does not allege facts regarding the citizenship of Starnes Property Investments' members nor AVID Energy Investments' members. It has therefore not established that the Court has subject matter jurisdiction over this lawsuit.

Federal Rule of Civil Procedure 7.1(a)(2) requires that

In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: **(A)** when the action is filed in or removed to federal court, and **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

2

Devon Energy must file the required disclosure, as must Starnes Property Investments, AVID Energy Investments, and all other defendants.

The Court will allow the Devon Energy the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Devon Energy shall file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction and a disclosure statement compliant with Rule 7.1(a)(2), if such allegations and the disclosure can be made in compliance with Federal Rule of Civil Procedure 11, no later than **August 14, 2026.** Defendants must also file their corporate disclosure statements by **August 14, 2026.**

**IT IS FURTHER ORDERED** that, if Devon Energy fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

Hon. Jerry H. Ritter
United States Magistrate Judge

3