IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DEVON ENERGY PRODUCTION COMPANY, L.P., an Oklahoma limited partnership,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>CHI ENERGY, INC., a Texas corporation, BCP LP, a Texas limited partnership, OCOTILLO OIL, LP, a Texas limited partnership, STARNES PROPERTY INVESTMENTS, LLC, a New Mexico limited liability company, and AVID ENERGY INVESTMENTS, LLC, a Texas limited liability company,<br><br>Defendants and Counter-Claimants. | Case No. 2:26-cv-00664-KRS-JHR |

**STIPULATED ORDER GOVERNING THE DISCOVERY AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND HARD-COPY DOCUMENTS**

Upon the stipulation of Plaintiff and Counter-Defendant Devon Energy Production Company, L.P. ("Devon") and Defendants and Counter-Claimants Chi Energy, Inc., BCP LP, Ocotillo Oil, LP, Starnes Property Investments, LLC, and AVID Energy Investments, LLC (collectively, the "Parties"), and pursuant to Federal Rules of Civil Procedure 26 and 34, the Court enters this Order to govern the preservation, collection, and production of documents, electronically stored information ("ESI"), and hard-copy documents in this action.

## 1. PURPOSE, SCOPE AND COOPERATION

1. This Order supplements the Federal Rules of Civil Procedure and the Local Rules of this District and applies to all productions of documents and ESI by the Parties, whether pursuant to Rule 26(a)(1), Rule 34, or otherwise. The Parties will apply this Order in a manner consistent with the proportionality requirements of Rule 26(b)(1).

2. Counsel will meet and confer in good faith on any issue arising under this Order before seeking relief from the Court, and any remaining dispute will be presented to the assigned pre-trial Magistrate Judge in accordance with the Court's procedures. Nothing in this Order limits a Party's right to seek its modification for good cause.

3. By stipulating to this Order, no Party waives any objection as to relevance, privilege, responsiveness, discoverability, or admissibility, and production of a document under this Order is not an admission that the document is relevant or admissible.

## 2. DEFINITIONS

4. As used in this Order: (a) "Document" has the meaning given in Rule 34(a) and includes ESI and hard-copy documents; (b) "ESI" means information created, stored, or utilized in electronic form; (c) "Structured Data" means data maintained in a database or database-management system, including land, division of interest, revenue, joint-interest billing, and accounting systems; (d) "Native Format" means the format in which a file is ordinarily created and maintained; (e) "Metadata" means the fields listed in Exhibit A to the extent they exist and can reasonably be extracted; (f) "Load File" means a file used to import images, text, natives, and metadata into a document-review platform; and (g) "Producing Party" and "Receiving Party" refer to the Party producing or receiving discovery material.

## 3. PRESERVATION

5. Each Party confirms that it has taken, and will continue to take, reasonable steps to preserve documents and ESI relevant to the claims and defenses in this action, including email of relevant custodians (including custodians who have departed, to the extent such ESI existed as of the date each Party's obligation to preserve attached), land, division order, revenue, joint-interest billing and document-management systems, shared drives, and legacy or predecessor records for

the S/2 of Section 10, T21S-R27E, Eddy County, New Mexico, within its possession, custody, or control.

6. Absent a showing of good cause, the Parties need not preserve or collect the following categories, which the Parties agree are not reasonably accessible or are of marginal relevance: backup media maintained solely for disaster recovery; deleted, slack, fragmented, or unallocated data; random access memory or other ephemeral data; on-line access data such as temporary internet files, cache, and cookies; server, system, or network logs; and voicemail.

7. Pursuant to Rule 26(b)(2)(B), each Party will identify in writing any source of relevant ESI it contends is not reasonably accessible because of undue burden or cost, with enough detail for the other Parties to evaluate the contention. Identification of a source does not relieve the Party of its duty to preserve that source.

## 4. CUSTODIANS, DATE RANGES AND SEARCH

8. Within twenty-eight (28) days after entry of this Order, each Party will disclose: (a) the custodians and non-custodial sources it proposes to search; (b) the date range it proposes for each; and (c) the search terms it proposes to apply to email and unstructured documents. The Parties will meet and confer to reach agreement on custodians, date ranges, and search terms, and will supplement those agreements as discovery reveals additional custodians or sources. Agreement to a search protocol does not relieve a Party of its obligation to produce known responsive documents identified outside that protocol.

9. A Party's counsel may use technology-assisted review or other advanced culling methods, such as Chat GPT Pro Work, or other AI technology or software without the agreement of the requesting Party. A party may use technology-assisted review or other advanced culling methods with the agreement of the requesting Party (with such agreement not to be unreasonably

withheld), or leave of Court. Search-term hit reports will be exchanged on request in connection with any dispute over the reasonableness of proposed terms.

## 5. PROCESSING SPECIFICATIONS

10. ESI will be processed so as to preserve family relationships (parent documents and attachments produced together).

11. Each Party may de-duplicate exact duplicates globally by MD5 or SHA-1 hash at the document-family level. Email thread suppression (producing only the most inclusive thread) may be used.

## 6. FORM OF PRODUCTION

12. Except as provided in Paragraph 13, documents will be produced as either single-page, Group IV, 300 dpi black-and-white TIFF images, or as searchable PDF. Color images will be provided on reasonable request where color is material. Documents will be produced as they are kept in the usual course; a Party need not produce the same document in more than one form. Fed. R. Civ. P. 34(b)(2)(E).

13. The following will be produced in Native Format with a Bates-numbered slip sheet and the NATIVELINK field populated: spreadsheets (Excel and similar), division of interest decks and deck change histories, revenue, joint-interest billing, AFE and payout exports, audio and video files, joint operating agreements, and any other file type that materially loses meaning or usability when imaged. Native files will be renamed to their beginning Bates number. A Party that redacts a native file may produce it in imaged form or in a redacted native form, at its election, stating that a redaction was made.

14. Structured Data need not be produced in database form. In response to a request that implicates Structured Data, the Producing Party will produce standard reports or delimited

exports — for example, division of interest deck histories, owner payment and check-detail histories, and JIB and AFE ledgers for the wells at issue — and the Parties will meet and confer on the report types, fields, and date ranges before production. Nothing in this paragraph limits a Party's right to seek additional Structured Data on a showing of need.

15. Hard-copy documents will be scanned, OCR'd, unitized at the document level with family relationships (for example, a letter and its enclosures) preserved, Bates-numbered, and produced in the same format as imaged ESI.

## 7. BATES NUMBERING AND CONFIDENTIALITY

16. Each produced page or native file will bear a unique, sequential, fixed-width Bates number with a Party prefix (e.g., DEVON, CHI-BCP, and OCO), and any confidentiality legend under the Protective Order entered in this action, placed so as not to obscure content. Productions will be made by secure file transfer or on encrypted media, accompanied by a transmittal identifying the Bates range, the volume, and any confidentiality designations.

## 8. PRIVILEGE AND RULE 502

17. Pursuant to Federal Rule of Evidence 502(d), the production of a document or ESI subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection does not waive the privilege or protection in this action or in any other federal or state proceeding. The provisions of Rule 502(b)(2) are inapplicable to productions under this Order; a Producing Party's claim of privilege will not be denied on the ground that the Producing Party failed to take reasonable steps to prevent disclosure.

18. A Party that discovers it has produced privileged or protected material, or is notified of such a production, will follow the procedure of Rule 26(b)(5)(B): the Receiving Party will promptly sequester or destroy the identified material and all copies, will not use or disclose it, and

may present the material to the Court under seal for a determination of the claim. Reasonable claw-back requests will not be used to allege waiver.

19. Communications and work product exchanged between a Party and its litigation counsel after the filing of the Complaint in this action on March 5, 2026, and internal communications of litigation counsel, need not be included on any privilege log and may be identified categorically. All other withheld or redacted documents will be logged document-by-document, with the information required by Rule 26(b)(5)(A), within thirty (30) days after the production from which they were withheld. The treatment of title opinions and title-examination communications on the Parties' privilege logs is reserved and will be addressed by agreement or motion.

## 9. THIRD PARTIES AND MISCELLANEOUS

20. A Party that subpoenas documents or ESI from a third party will request production in conformance with this Order and will provide copies of the third party's production to all other Parties within seven (7) days of receipt.

21. The obligations under this Order are subject to Rule 26(e) supplementation. This Order may be modified by stipulation of the Parties approved by the Court, or by the Court for good cause. Each Party bears its own costs of preservation, collection, processing, and production absent further order.

**IT IS SO ORDERED.**

HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted and approved:

ABADIE & SCHILL, P.C.

By: */s/ William E. Zimsky*
William E. Zimsky
Andrew D. Schill
Paul Halajian
Olivia N. Atkins
555 Rivergate Lane, Suite B4-180
Durango, Colorado 81301
Telephone: 970-385-4401
bill@abadieschill.com
Attorneys for Plaintiff and Counter-Defendant
Devon Energy Production Company, L.P.

Approved:

By: */s/ Sean M. Guerrero*
Sean M. Guerrero
Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.
Attorneys for Defendants and Counter-Claimants
Chi Energy, Inc. and BCP LP

By: */s/ Joseph A. Baker*
Joseph A. Baker
David W. Lauritzen
Cotton, Bledsoe, Tighe & Dawson, P.C.
Attorneys for Defendants and Counter-Claimants
Ocotillo Oil, LP, Starnes Property Investments, LLC,
and AVID Energy Investments, LLC

# EXHIBIT A

*Metadata Fields (to the extent they exist and can reasonably be extracted)*

| Field | Description |
|---|---|
| BEGBATES / ENDBATES | Beginning and ending Bates number of the document |
| BEGATTACH / ENDATTACH | Bates range of the document family (parent and all attachments) |
| CUSTODIAN | Custodian or non-custodial source from whose files the document was collected |
| ALL CUSTODIANS | All custodians who possessed the document before de-duplication |
| FROM / TO / CC / BCC | Email address fields (email) |
| SUBJECT | Email subject line |
| DATESENT / TIMESENT | Date and time sent (email) |
| DATERCVD | Date received (email) |
| AUTHOR | Author field from document metadata (non-email) |
| DATECREATED / DATEMOD | Creation and last-modified dates (non-email) |
| FILENAME | Original file name |
| FILEPATH | Original file path or folder location at collection |
| FILEEXT | File extension |
| FILESIZE | File size in bytes |
| HASHVALUE | MD5 or SHA-1 hash value |
| | |
| PGCOUNT | Number of pages |
| CONFIDENTIALITY | Confidentiality designation, if any, under the Protective Order |
| REDACTED | Yes/No |
| NATIVELINK | Relative path to the produced native file, if any |
| TEXTPATH | Relative path to the document-level extracted text or OCR file |
| | |